**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7304**

AARON DOXIE, III, a/k/a Aharon Azaryah Nearyah Hakahan,

Petitioner - Appellant,

v.

WARDEN JEFFREY N. DILLMAN; HAROLD CLARKE, Director,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:13-cv-00505-AWA-DEM)

Submitted:  November 25, 2015      Decided:  December 14, 2015

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Aaron Doxie, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Doxie, III, appeals from the district court's order denying his self-styled motion to reopen his September 2013 petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2012). We vacate the district court's order and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas [application]" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (quoting Gonzalez, 545 U.S. at 531-32). Where, however, a motion "'presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b),'" such a motion is a mixed Rule 60(b)/§ 2254 petition. Id. at 400 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)).

2

In his motion to reopen, Doxie sought a remedy for a perceived flaw in his § 2254 proceeding and raised a direct attack on his convictions and sentences. Accordingly, the motion was a mixed Rule 60(b)/§ 2254 petition.* McRae, 793 F.3d at 397, 400; see Gonzalez, 545 U.S. at 532 n.4 (holding that a movant files a true Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error"); Winestock, 340 F.3d at 207 (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The district court did not afford Doxie the opportunity to elect between deleting his successive § 2254 claim or having his entire motion treated as a successive § 2254 petition. See McRae, 793 F.3d at 400 ("This Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" (quoting Winestock, 340 F.3d at 207)). We therefore grant leave

---

* It is the "long standing practice" of this court to classify pro se pleadings from prisoners like Doxie "according to their contents, without regard to their captions." Winestock, 340 F.3d at 203.

3

to proceed in forma pauperis, vacate the district court's order, and remand for further proceedings.

We deny Doxie's motion for a certificate of appealability and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4